MIKE MURPHY, Judge
Eric Collier appeals the Arkansas Workers' Compensation Commission's (Commission) determination that he did not suffer a compensable injury. On appeal, he argues that substantial evidence supports a finding of a compensable injury. We affirm.
On April 22, 2016, Eric Collier was forty-nine years old when, while working for the appellee, Walmart, he allegedly slipped and fell on a sheet of ice on a freezer floor, hurting his lower back. Collier did not report the fall and went about his work. He testified he was not in discomfort at the time. About a week later, Collier testified that his neck and lower back started to bother him. About a month after the fall, Collier sought treatment from a chiropractor. The chiropractor's notes provide that Collier said he began experiencing pain three days before the appointment. Those notes further provide that Collier said he did not know why his back and neck were hurting. He did not mention slipping and falling at work.
Five weeks after the fall, Collier reported it to a supervisor. He filled out the incident report on June 1, 2016. Two days later, the company sent Collier to be evaluated by John Nicholas, a physician assistant at the Arkansas Occupational Health Clinic. Collier told Nicholas that his pain began a week after his fall. Nicholas took x-rays and gave Collier some work restrictions. Nicholas also recommended six physical-therapy sessions. Collier did not attend physical therapy because his workers'-compensation claim had been denied.
On June 17, 2016, Collier's supervisor advised him that because the workers'-compensation claim had been denied, Collier would have to provide Walmart a full medical release to return to work. Collier was not provided light-duty work after the claim was denied. Collier did not return to work for Walmart thereafter, though he did continue to work another job setting up and running photo booths.
Collier had an MRI on June 29, 2016. The MRI revealed mild degenerative-disc disease of the lumbar spine with multilevel-facet degeneration. The MRI further showed "mild right neural foraminal narrowing at L4-5 but no objective findings of trauma."
The parties presented their case on December 8, 2016. The administrative law judge (ALJ) found that Collier proved he sustained compensable injuries to his neck and back and awarded him medical treatment and temporary total-disability benefits. Walmart then appealed to the Commission.
The Commission reversed the ALJ's finding that Collier proved he sustained compensable injuries to his neck and back. It noted that Collier did not report his injury for several weeks and did not tell his doctors about the source of the pain. The Commission specifically found that Collier was not a credible witness, and that he did not prove his injury. Collier appeals.
When the Commission denies benefits because a claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that *71 we affirm if the Commission's decision displays a substantial basis for the denial of relief. White v. Butterball, LLC , 2018 Ark. App. 7, at 4-5, --- S.W.3d ----, ----, 2018 WL 343625. On appeal, we view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. Id. The issue on review is not whether the evidence would have supported a contrary finding or whether we might have reached a different result; we affirm if reasonable minds could reach the Commission's conclusion. Id. We defer to the Commission on issues involving credibility and the weight of the evidence. Frost v. City of Rogers , 2016 Ark. App. 273, at 4, 492 S.W.3d 875, 878.
To prove a compensable injury, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Arkansas Code Annotated section 11-9-102(16) (Repl. 2012), establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i).
Collier, citing Patterson v. Frito Lay, Inc. , 66 Ark. App. 159, 169, 992 S.W.2d 130, 136 (1999), argues that the Commission arbitrarily labeled him as not a credible witness without stating the reason for its credibility determination in light of the ALJ finding him credible. Here, however, the Commission stated it found Collier not credible because of the lack of corroborating evidence to support his injury and his conflicting statements to medical providers. Collier also argues that he should not be penalized for not reporting the accident immediately because Arkansas Code Annotated section 11-9-701(b) provides that failure to give notice will not bar a claim if the Commission finds the reasons for lack of notice satisfactory. This is a correct recitation of the law; however, it is inapplicable. The Commission found that Collier was barred from receiving benefits, not because he failed to give notice, but because the alleged trauma was not supported by any medical evidence or credible testimony.
There is substantial evidence to support the Commission's denial of Collier's claim. It specifically found Collier not to be a credible witness, and there were no witnesses to corroborate his claim. Collier did not report the incident until over a month later and gave competing reasons for his neck pain to his medical providers. The MRI only noted degenerative changes. We affirm.
Affirmed.
Virden and Klappenbach, JJ., agree.